```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                    CORPUS CHRISTI DIVISION
```

| | | |
|---|---|---|
| LAURINE KREITZ and | § | |
| JOHN C. KREITZ, | § | |
| | § | |
|     Plaintiffs, | § | Civil Action |
| | § | No. C-07-242 |
| v. | § | |
| | § | |
| PFIZER, INC., et al., | § | |
| | § | |
|     Defendants. | § | |

### ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

On this day came on to be considered the motion of Plaintiffs Laurine Kreitz and John C. Kreitz (hereinafter, "Plaintiffs") for reconsideration of the Court's July 3, 2007 rulings denying Plaintiffs' motion for remand and granting Defendant Pfizer Inc.'s ("Pfizer") motion to stay (D.E. 8, seeking reconsideration of D.E. 7). For the reasons set forth below, Plaintiffs' motion for reconsideration is hereby DENIED.

Plaintiffs base their motion for reconsideration on the claim that the Court denied their motion for remand and stayed the case because "Plaintiffs did not state specific factual allegations against the Sales Representative Defendants." (Motion for Reconsideration, ¶ 3). Plaintiffs go on to detail various claims they allege regarding "Defendants" in their Original Petition.[1] (Id., ¶¶ 5-7).

---

[1] Plaintiffs argue that their claims regarding "Defendants" in general relate both to Pfizer and to the Sales Representative Defendants named by Plaintiffs in their Original Petition.

Plaintiffs have mischaracterized the basis for this Court's ruling denying Plaintiffs' motion to remand and staying the case pending a decision by the Judicial Panel on Multidistrict Litigation regarding transfer to MDL 1699, <u>In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation</u>. The Court stated at the hearing that the reason for its rulings was that Plaintiffs did not allege that the named Sales Representative Defendants were involved in making misrepresentations to or providing drug samples or products to the doctor who prescribed Bextra to Plaintiff Laurine Kreitz. <u>See</u> July 3, 2007 Hearing, <u>Kreitz v. Pfizer, Inc.</u>, (the Court stated that Plaintiffs' Original Petition contained "no connection at all with the drug representative[s] to ... the Plaintiff," "no allegation that the drug representative[s] ever came to the doctor, no identification of the doctor, [and] no identification of the reliance of the doctor on the drug representatives' representations or free samples").

In their Original Petition, Plaintiffs do make various generic statements regarding "Defendants" and their actions vis a vis Bextra, but Plaintiffs never state how the named Sales Representative Defendants had any role in providing Bextra to Ms. Kreitz, or making misrepresentations to the doctor that prescribed Bextra to Ms. Kreitz.[2]  There is no indication in Plaintiffs'

---

[2] In fact, in their motion for reconsideration, the only allegations Plaintiffs point to regarding the Sales

Original Petition that the named Sales Representative Defendants ever even called on doctors or other health care professionals in the Corpus Christi area, let alone that the named Sales Representative Defendants called on the doctor or doctors who prescribed Bextra to Ms. Kreitz. This was the basis of the Court's ruling at the July 3, 2007 hearing, and this basis is not disputed by the general allegations that Plaintiffs repeat in their motion for reconsideration.

Accordingly, for the reasons set forth above, Plaintiffs' motion for reconsideration is hereby DENIED. The above-styled action remains STAYED pending a decision by the Judicial Panel on Multidistrict Litigation regarding transfer of the case to MDL 1699, <u>In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation</u>.

SIGNED and ENTERED this 5th day of July, 2007.

_____
Janis Graham Jack
United States District Judge

---

Representative Defendants are that "the Sales Representative Defendants called on doctors and hospitals and were in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the prescription drug" and "that the Sales Representative Defendants were in the position to make representations about the risks associated with the use of the prescription drug." (Motion for Reconsideration, ¶ 6). These are very general statements, they do not detail how the named Sales Representative Defendants had any link with prescribing or providing Bextra to the named Plaintiff Laurine Kreitz.